UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

V. BOYD,

Plaintiff,

v.

ST. PAUL SCHOOLS,
Independent School District 625,

Defendant.

Civil File No. 00-1325 (MJD/JGL)

ORDER

Plaintiff commenced this action on May 26, 2000, by filing a complaint alleging that Defendant violated his federally protected rights, by discriminating against him on the basis of his race during the course of his employment. Plaintiff has not tendered the $150 filing fee for this action (as required by 28 U.S.C. § 1914(a)); he has instead filed an application seeking leave to proceed in forma pauperis, ("IFP"), (Docket No. 2), which is now before the Court. Also before the Court at this time is Plaintiff's motion for appointment of counsel. (Docket No. 3.)

A. The IFP Application

The Court is satisfied that Plaintiff is financially eligible for IFP status, and his IFP application will therefore be granted. The Clerk will be directed to issue a summons, and, pursuant to Fed. R. Civ. P. 4(c)(2) and 28 U.S.C. § 1915(d), the Marshal will be directed to effect service of process on the named Defendant.

B. Motion For Appointment Of Counsel

Pro se litigants in civil cases, (such as Plaintiff here), do not have a constitutional or statutory right to court-appointed counsel. Stevens v. Redwing, 146 F.3d

FILED 6/6/00
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD________
DEPUTY CLERK________

538, 546 (8th Cir. 1998). Rather, the appointment of counsel in cases such as this one is a matter committed to the discretion of the trial court. McCall v. Benson, 114 F.3d 754, 756 (8th Cir. 1997); Mosby v. Mabry, 697 F.2d 213, 214 (8th Cir. 1982). Among the factors the court should consider in determining whether to appoint counsel are the factual complexity of the case, the ability of the litigant to present his claims, the complexity of the legal issues and whether both the litigant and the Court would benefit from representation by counsel for both parties. McCall, 114 F.3d at 756; Johnson v. Williams, 788 F.2d 1319, 1322-23 (8th Cir. 1986).

The Court finds that neither the facts nor the legal issues raised in this case are so complex as to warrant appointment of counsel. It appears to the Court that Plaintiff has the threshold ability to articulate his claims and to argue his positions, and that he is able to communicate effectively with the Court. The Court is presently satisfied that appointment of counsel would not substantially benefit the Court or Plaintiff. Plaintiff's request for counsel will therefore be denied.[1]

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS HEREBY ORDERED** that:

1. Plaintiff's application for leave to proceed in forma pauperis, (Docket No. 2), is GRANTED;

---

[1] By separate correspondence, the Court has referred Plaintiff to the Volunteer Lawyers Network -- a local organization that may be able to help him find a volunteer attorney to assist him in this matter.

2. The Clerk of Court shall issue a summons, and the U.S. Marshal shall effect service of process on the named Defendant; and

3. Plaintiff's motion for appointment of counsel, (Docket No. 3), is DENIED.

Dated: June 6, 2000

JONATHAN LEBEDOFF
United States Magistrate Judge