**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

V. BOYD

Plaintiff,

v.

**ORDER**
Civil File No. 00-1325 MJD/JGL

ST. PAUL SCHOOLS
INDEPENDENT SCHOOL DISTRICT 625,

Defendant.

---

Jennie M. Brown, on behalf of Plaintiff.

James A. Andreen, Erstad & Riemer, on behalf of Defendant.

---

This matter is before the Court on Defendant's motion to dismiss Plaintiff's Complaint under the affirmative defense of *res judicata*, or in the alternative, for summary judgment. Defendant has also moved for sanctions under Fed. R. Civ. P. 11. Plaintiff argues that the Minnesota trial court's denial of *in forma pauperis* (IFP) status denied him the opportunity to have his state case reviewed at the appellate level, and this denial resulted in a violation of his constitutional due process rights. Based on a review of the files, records and proceedings herein, the Court GRANTS Defendant's motion to dismiss and DENIES Defendant's motion for sanctions.



FILED 12/29/00
FRANCIS E. DOSAL, CLERK
DEC 29 2000
JUDGMENT ENTD
DEPUTY CLERK

**Background**

On April 19, 1999, Plaintiff filed a complaint in the Minnesota State District Court, Ramsey County, alleging wrongful termination, on the basis of racial discrimination, of his employment as a teacher in the St. Paul Public School system. The district court in that case ordered summary judgment for the school system on November 2, 1999. On November 30, 1999, Plaintiff filed an appeal with the Minnesota Court of Appeals. Although repeatedly directed to do so by court order, Plaintiff did not pay the filing fee, nor did he properly ask for a waiver of the fee from the trial court judge before the deadline. After repeated correspondence between the parties, on February 3, 2000, Plaintiff filed an affidavit with the trial court, requesting to proceed *in forma pauperis*. Although Plaintiff had requested an order waiving the filing fees for the appeal, Judge Michael Monahan granted a waiver limited to the Court of Appeals cost bond.

On February 9, 2000, the Court dismissed the appeal for failure to pay a filing fee and failure to comply with various procedural requirements. Before dismissing the case, the Court of Appeals issued four orders, over the course of five months, directing Plaintiff to comply with the fee requirements. The Minnesota Supreme Court denied review on April 25, 2000.

Plaintiff then filed this complaint in federal court, alleging the same wrongful termination, on the basis of racial discrimination, of his employment as a teacher in the St. Paul Public School system. Defendant moves to dismiss the complaint for failure to state a claim on the basis of *res judicata* and the Rooker-Feldman doctrine.

## **Standard**

On a motion to dismiss under Fed. R. Civ. Pro. 12(b)(6) for failure to state a claim, the Court views all facts alleged in the plaintiff's complaint as true. See Wescott v. Omaha, 901 F.2d 1486, 1488 (8th Cir. 1990). The Court must construe the allegations in the complaint and all reasonable inferences arising from the complaint in a light most favorable to the plaintiff. The Court will dismiss the complaint only when it appears the plaintiff cannot prove any set of facts to support the claim and entitle her to relief. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

## **Analysis**

1) Motion to Dismiss

Federal courts must give a state court judgment the same preclusive effect as the courts of the state rendering the judgment would give it. 28 U.S.C. §1738; Allen v. McCurry, 449 U.S. 90, 96 (1980). Claim preclusion, or res judicata, "'bars relitigation of the same claim between parties... where a final judgment has been rendered upon the merits by a court of competent jurisdiction.'" Plough v. West Des Moines Community School District, 70 F.3d 512, 517 (8th Cir. 1995)(internal citations omitted). Under Minnesota law, "*res judicata* is considered a finality doctrine which dictates that there be an end to litigation." Dorso Trailer Sales, Inc. v. American Body & Trailer, Inc., 482 N.W.2d 771, 773-74 (Minn. 1992).

For the purposes of *res judicata*, the determination of "'[w]ho are privies requires careful examination into the circumstances of each case as it arises. In general it may be said that such privity involves a person so identified in interest with another that he

represents the same legal right.'" Sandel v. Northwest Airlines, Inc., 56 F.3d 934 (8th Cir. 1995), citing McMenomy v. Ryden, 148 N.W.2d 804, 807 (Minn. 1967). In the present case, however, the Court need not reach the privity analysis, as both Plaintiff Vincent Boyd and Defendant Saint Paul Schools Independent School District 625 were named parties to the state action and, therefore, under the doctrine of *res judicata*, are bound by that final judgment. See Pilla v. Alexander, et al., 1976 WL 927 at *1 (D. Minn.)

Furthermore, "[t]he common test for determining whether a former judgment is a bar to a subsequent action is to inquire whether the same evidence will sustain both actions." McMenomy,148 N.W. 2d at 807. Plaintiff's complaints in both actions are identical, with the additional request in the present case for a "review of this matter and its handling by the various agencies and state court." No additional evidence is referenced in the federal complaint.

Defendant also invokes the Rooker-Feldman doctrine, which recognizes that lower federal courts lack subject matter jurisdiction to review decisions of state courts. See Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983); Lemonds v. St. Louis County, 2000 WL 1060444 (8th Cir. 2000). The federal court would be reviewing the state court judgment if the federal constitutional claims are "inextricably intertwined" with the claims already adjudicated in state court. The federal claim is inextricably intertwined with the state court judgment "if the federal claim succeeds only to the extent that the state court wrongly decided the issue before it." Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 25

(1987)(Marshall, J. concurring).

Plaintiff expressly requests the court to "recognize that the agencies and state court were remiss in exacting due process and justice especially as directed by Amendment 14." Complaint at 2. Plaintiff alleges that his 14th Amendment due process rights were violated because his appeal in the state court was never considered on the merits, but was denied for procedural reasons.[1] Under the Rooker-Feldman Doctrine, therefore, this Court does not have jurisdiction over this complaint, because the federal claim would only succeed to the extent that the state court wrongly decided the issue before it. Under the doctrines of *res judicata* and Rooker-Feldman, Plaintiff has failed to state a claim for which relief can be granted, and therefore this complaint must be dismissed.

2) Motion for Sanctions Pursuant to Fed. R. Civ. P. 11

Defendant also moves this court to impose sanctions on Plaintiff pursuant to Fed. R. Civ. P. 11. A motion for sanctions pursuant to R.11 "shall describe the specific conduct alleged to violate [the Rule]." Fed. R. Civ. P. 11(1)(A). Defendant's motion does not describe any specific conduct alleged to violate Rule 11. This motion is therefore denied.

Accordingly, **IT IS HEREBY ORDERED** that:

1 Defendant's motion to dismiss is GRANTED;

---

[1] Plaintiff argues in his Amended Response Memorandum that the state court's denial of IFP status led to a denial of his right to appellate review, which violated his due process rights. The Court notes that the Fourteenth Amendment's Due Process Clause does not encompass a right to appellate review. U.S. Const. amend. XIV, §1; see Lindsey v. Normet, 405 U.S. 56, 77 (1972).

2. Defendants' motion for sanctions is DENIED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: Dec. 29, 2000.

Michael J. Davis
Michael J. Davis
United States District Court Judge

Boyd v. St. Paul Schools, ISD 625
Civil No. 00-1325

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

**DATE MAILED TO COUNSEL/PRO SE PARTIES:**

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.

# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

### Prehearing Conference Program

The United States Court of Appeals for the Eighth Circuit has established an early intervention Prehearing Conference Program. The purpose of the program is twofold: (1) to facilitate settlement discussions in civil cases by providing an impartial atmosphere for an open discussion of the case and alternative methods of disposition and (2) to promote the delineation of issues, early resolution of procedural problems, and effective administration of an appeal throughout the appellate process. See 8th Cir. R. 33A.

The program is directed by Mr. John Martin. Mr. Martin screens newly filed appeals based on information furnished by both appellants and appellees in the court's Appeal Information Forms A and B. Contact with counsel is by telephone and in personal conferences held in several cities throughout the Circuit. All communications with Mr. Martin are confidential. Counsel can openly discuss and evaluate the issues and explore alternatives in a non-adversarial setting without fear that the subsequent processing of the appeal or ultimate disposition of the case will be adversely affected by participation in the program.

Participation in the program is voluntary. However, the Court strongly encourages your participation and cooperation. Over the past twenty years, the program has enabled many appellate litigants to achieve mutually satisfactory resolution of certain issues or an overall settlement prior to progressing through all stages of the appellate process. Issue delineation enables counsel to focus only on those issues that need judicial resolution. The program has helped relieve the ever-increasing caseload confronting the Court, and it has also saved litigants and attorneys substantial amounts of time and money.

In order for the program to function effectively certain information must be provided at the initiation of the appeal. *Eighth Circuit Rule 3B directs each civil appellant to: (1) file a completed Appeal Information Form A with the Notice of Appeal at the time the Notice is filed with the District Court clerk and (2) forward a copy of the completed Form A and a copy of Appeal Information Form B to the appellee for completion.* Appellee may complete Form B and send it to the clerk of the Court of Appeals. If you have any questions about the Prehearing Conference Program or the Appeal Information Forms, please contact Mr. Martin at (314)-539-3669.

Forms A and B are available from the District Court clerk and the Court of Appeals clerk and can be found at the Court of Appeals' web site at: www.ca8.uscourts.gov

*June 1, 2000*

Forms/8thcircuitprehearingconf.wpd